UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TIMOTHY ALLAN KURZEJESKI, CIVIL NO. 00-1162 (RHK/JMM)

Petitioner,

v. REPORT AND RECOMMENDATION

DAVID CRIST, Warden, and
MICHAEL A. HATCH, Attorney General,

Respondents.

Petitioner has filed a Petition for Writ of Habeas Corpus [Docket No. 1] claiming that he is being unlawfully incarcerated at the Minnesota Correctional Facility at Stillwater, Minnesota. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation to District Judge Richard H. Kyle pursuant to the provisions of 28 U.S.C. §636 and Local Rule 72.1(c).

Upon the following Findings of Fact/Report, it is recommended that the Petition for Writ of Habeas Corpus be dismissed.

## FINDINGS OF FACT/REPORT

Petitioner's criminal case arose from events which occurred on August 23, 1996. On that date, Petitioner went to the house of Shauna Laine, a former girlfriend. While at Ms. Laine's house Petitioner grabbed her by the throat, strangling her until she lost consciousness. At trial, Petitioner did not dispute that he had strangled Ms. Laine, but contended that he "lost contact with reality" while doing so, and therefore lacked the intent to kill her. On February 3, 1997 Petitioner was convicted by a jury in Minnesota District Court of attempted second degree murder, first degree assault, and third degree assault.

DEC 19 2000
CLERK

Petitioner was sentenced to a term of 229 months.

Petitioner's conviction and sentence were affirmed by the Minnesota Court of Appeals. State v. Kurzejeski, No. C7-97-800, 1998 WL 148077 (Minn. Ct. App. March 31, 1998). Petitioner did not raise ineffective assistance of counsel as a ground for relief in the Court of Appeals. Likewise, in his subsequent request for review by the Minnesota Supreme Court, Petitioner did not argue that he had been denied effective assistance of counsel. His petition to the Minnesota Supreme Court was denied.

Petitioner then sought post-conviction relief in state District Court, asserting three additional grounds for relief which he had not put forth on direct appeal: (1) ineffective assistance of counsel; (2) erroneous rulings by the trial court; and (3) prosecutorial misconduct. Petitioner's motion was denied without an evidentiary hearing by the Minnesota District Court, and his post-conviction appeals to the Minnesota Court of Appeals and Minnesota Supreme Court were also denied.

Petitioner is before this Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. In his Petition, Petitioner asserts as his only ground for relief denial of effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States and Minnesota Constitutions. Petitioner asserts that his trial counsel, Diane R. Alshouse, Esq.,[1] did not prepare Petitioner to make a favorable impression on the jury during his trial testimony, because she did not tell him how to best explain his loss of touch with reality during the strangulation. He further claims that Attorney Alshouse failed to interview any witnesses prior to his trial, failed to search

---

[1] On appeal, Petitioner was represented by a different attorney.

Petitioner's background for unspecified "mitigating circumstances," and, at Petitioner's sentencing, refused to call any of the sixteen witnesses who offered to testify to his good character.

The Court of Appeals for the Eighth Circuit has described the inquiry that must be undertaken by a federal court when deciding a Petition for Habeas Corpus as follows:

> [B]efore we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal claims to the state court. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curium). When the petitioner has failed to do so, we must then determine whether the petitioner has complied with state procedural rules governing post-conviction proceedings, *i.e.*, whether a state court would accord the petitioner a hearing on the merits. Harris v. Reed, 489 U.S. 255, 268-70 (1989)(O'Connor, J., concurring). If state procedural rules prevent the petitioner from obtaining such a hearing, then the petitioner is also procedurally barred from obtaining habeas relief in a federal court unless he can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if we do not review the merits of the petition. Abdullah v. Groose, 75 F.3d 408, 412-13 (8th Cir.), cert. denied, 517 U.S. 1215 (1996).

McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). We must follow this procedure to determine if we may consider the merits of Petitioner's claims.

Fair presentation to the state court requires that Petitioner invoke "one complete round of [Minnesota's] established appellate review process." O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1732 (1999). See also Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995)(failure to take advantage of a state court remedy available at the appropriate stage in the proceedings with respect to a particular ground for relief results in the procedural default of that claim)(citing Coleman v. Thompson, 501 U.S. 722, 731-32

(1991)). In this case, Petitioner's claim of ineffective assistance of counsel was not fairly presented to the state courts during one full round of state appellate proceedings. In fact, the claim was not presented to the state courts at all during Petitioner's direct appeal.

Since Petitioner did not fairly present this claim in state court, we must determine whether a state court would consider the issue, *i.e.*, if any non-futile state remedies still exist. Smittie v. Lockhart, 843 F.2d 295, 297 (8th Cir. 1988). Petitioner did attempt to raise his claim of ineffective assistance of counsel during the post-conviction proceedings in state court. The state District Court explained that, at that stage, Petitioner was "barred from raising the same issues or those issues which should have been known by him or raised by him at the time of the [direct] appeal."[2] Order of Minnesota District Court Judge Lawrence D. Cohen dated Dec. 14, 1998. See also Case v. State of Minnesota, 364 N.W.2d 797 (Minn. 1985)(post-conviction relief not available where matters were known at time of direct appeal). State procedural rules prevent Petitioner from raising the issue of ineffective assistance of counsel in Minnesota state courts. As a result, we are likewise barred from considering the merits of the claim, unless Petitioner can demonstrate cause for his prior failure to present the claim and actual prejudice, or show that a fundamental miscarriage of justice will occur if we do not review the merits of his petition. Smittie, 843 F.2d at 296; McCall, 114 F.3d at 756.

In the Memorandum in Support of his Petition, Petitioner acknowledges that he did not raise the issue of ineffective assistance of counsel until after he had been

---

[2] The state District Court did briefly address the merits of the claim, only to point out that the claim was groundless.

unsuccessful on direct appeal. Petitioner has not suggested to this Court any cause for this procedural default. Therefore, we need not determine whether he has suffered actual prejudice. See Wyldes v. Hundley, 69 F.3d 247, 253-54 (8th Cir. 1995)(citations omitted).

Neither has Petitioner demonstrated that a fundamental miscarriage of justice will occur if we do not address the merits of his claim. A fundamental miscarriage of justice is shown where "it appears that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Wyldes, 69 F.3d at 254 (citations omitted). In order for this narrow exception to apply, Petitioner must: (1) "support his allegations of constitutional error with new reliable evidence that was not presented at trial, . . . [and (2)] prove that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Wyldes, 69 F.3d at 254 (citing Schlup v. Delo, 115 S.Ct. 851, 865, 867 (1995))(additional citations omitted). When considering this issue, we are mindful of the Supreme Court's observation that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." Schlup, 115 S.Ct. at 865.

The only "new evidence" put forth by Petitioner is the proposed testimony of sixteen persons that Petitioner is a man of good character. Petitioner has not presented any new evidence regarding the events of August 23, 1996. General testimony as to Petitioner's character, even putting aside the question of its reliability, does not lead to the conclusion that no reasonable juror with this information would have convicted Petitioner. Petitioner has not shown that the allegedly ineffective assistance of his trial counsel probably resulted in the conviction of one who is actually innocent.

Based upon the foregoing, we conclude that Petitioner has procedurally defaulted on the claims he attempts to raise in his Petition for Habeas Corpus. We further

conclude that he has not demonstrated a justification to overcome this procedural default. Therefore, we will not address the merits of his claim.

## RECOMMENDATION

For the reasons set forth above, it is recommended that the Petition for Writ of Habeas Corpus be dismissed.

Dated: December 19, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **January 4, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.